**In re Shirley A. PENNA, Debtor.**

**Bankruptcy No. 86–01491–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

May 23, 1988.

---

Andrew L. Granat, Clayton, Mo., for debtor.

Curtis L. Mann, Clayton, Mo., trustee.

Christine L. Lieder, St. Louis, Mo., creditor.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

The matter before the Court is the Order of this Court requiring the Debtor to appear and show cause why this case should not be dismissed pursuant to 11 U.S.C. 707(b).[1]

Shirley Penna is an employee of the United States Postal Service and earns approximately $31,000.00 annually. Based upon her bi-weekly take-home pay, the Debtor has $1,703.65 available to her on a monthly basis.[2] In addition, $100.00 is withheld from the Debtor's pay check and placed in the Debtor's credit union. This money is not saved but rather is spent for normal living expenses by the Debtor. This would add $216.66 to the Debtor's monthly budget. Thus, on a monthly basis, Penna has over $1,900.00 available to her. The original Statement of Current Income and Expenses filed in this case listed the Debtor's current income as $1,440.00. Based upon the evidence at trial, this was an understatement.

The Schedule also reflects $1,433.02 in monthly expenses. These were amended at the hearing on the Order to Show Cause. The Debtor had also understated her expenses.

At the hearing before this Court, the Debtor testified she has a mother and two sons in Memphis, Tennessee. She travels to Memphis frequently. The Debtor's mother is advancing in age and is of limited financial circumstances. Penna gives her mother financial assistance when possible. She also assisted one of her son's financially when he did not have health insurance to pay medical bills.

Prior to the time the Debtor's family obligations became substantial, Penna purchased a 1985 BMW automobile. The payments and insurance for this vehicle are high. The Debtor is attempting to retain the car because it is reliable transportation for her frequent trips to visit her mother and children.

The regular expenses incurred by Penna are not substantially out of the ordinary. Briefly detailed, these include:

| | | |
|---|---|---|
| Rent | $ 350.00 | per month |
| Utilities | 250.00 | per month |
| Washer & Dryer (Rental) | 73.00 | |
| Clothing | 90.00 | |
| Food | 250.00 | |
| Car Payment | 398.00 | |
| Insurance | 67.00 | |
| Gasoline | 75.00 | |
| School | 200.00* | |
| Miscellaneous | 100.00 | |
| Medical | 75.00 | |
| Cleaning | 60.00 | |
| Mother | 150.00 | |
| **TOTAL** | **$2,138.00** | |

* This is for repayment of a debt to a learning institution the Debtor formerly attended.

In addition, the Debtor is diagnosed as depressive and had been under the care of a physician. She has attempted suicide on previous occasions and has been hospitalized for her condition. Penna apparently has foregone treatments because she does not have sufficient funds to pay for the frequent sessions. The last treatment she

---

1. 11 U.S.C. § 707(b) as it read on the date of the filing of this petition:

   § 707(b). "After notice and hearing, the court, on its motion and not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor."

2. At the hearing, the Debtor produced a wage stub reflecting take-home pay of $786.30. This averages to $1,703.65 per month, as there averages 4.3 weeks to the month.

received was just prior to the filing of this case.

The Debtor's budget, as detailed above, includes some expenses that are higher than normal. The auto payment is above what would be due if the Debtor had purchased a less expensive vehicle. The Debtor has attributed a significant portion of her income to clothing, cleaning and school. The Debtor also contributes a substantial amount to her mother.

Even if several of these expenses were reduced, the budget would be quite close to the monthly net income of the Debtor. If regular therapy sessions and other medical treatment were included, the Debtor would not be able to meet her other necessary obligations. The Debtor testified that regular and frequent sessions could cost $350.00 each month. Given this set of circumstances, the chances of success of a Chapter 13 plan would be limited.

Recently, the 9th Circuit Court of Appeals concluded that a debtor's ability to fund a Chapter 13 plan is the primary consideration in determining substantial abuse under 11 U.S.C. § 707(b). *In Re Kelly*, 841 F.2d 908 (9th Cir.1988). The Court concluded that a debtor's ability to repay his debts, standing alone, is sufficient cause to find substantial abuse. *Kelly, supra* at 914.

In the matter sub judice, it has been determined that the Debtor would be unable to meet her debts as they came due given her continued need for medical treatment. This Court will not compel the Debtor to forego necessary medical treatment.

Although substantial abuse is not defined under the Bankruptcy Code, other courts addressing this issue have included factors in addition to the debtor's ability to fund a Chapter 13 plan. The most frequently referred to standards are:

1. Whether the debtors have a likelihood of sufficient future income to fund a Chapter 13 Plan which would pay a substantial portion of the unsecured claims;

2. Whether the debtor's petition was filed as a consequence of illness, disability, unemployment or some other calamity;

3. Whether the schedules suggest the debtors incurred cash advancements and consumer purchases in excess of their ability to repay them;

4. Whether the debtor's proposed family budget is excessive or extravagant;

5. Whether the debtor's Statement of Income and Expenses is misrepresentative of their true financial condition.

*In re Kress*, 57 B.R. 874, 878 (Bankr.D.N.D.1985).

This Court has analyzed the original Statement of Income and Expenses filed with the Petition. The Debtor understated both her income and her expenses. Under the facts of this case, there is no finding that this was intentional nor is there cause to find substantial abuse as a result of the understatement.

The Debtor incurred consumer debts for which she seeks a discharge. The debts do not appear to be in excess of her ability to repay, were it not for her present situation.

The relevant factors do not weigh in favor of a determination of substantial abuse pursuant to Section 707(b) in this case. Accordingly, this Court will enter its order setting aside its order to show cause.

The Motion to Convert this case to one under Chapter 13 of the Bankruptcy Code, filed on behalf of a creditor, has been pending along with the Order to Show Cause. The creditor's motion is inappropriate, as a case under Chapter 13 cannot be involuntarily imposed upon a debtor. 11 U.S.C. § 303(a). Any involuntary Order to convert his case would be improper. Thus, an Order shall enter denying the Motion to Convert.

## ORDER

The matters of this Court's Order to Show Cause and the Motion to Convert this Case to a Case Under Chapter 13 of the Bankruptcy Code filed on behalf of Christine Lieder, having come on for hearing before this Court; and the parties then appearing and presenting testimony in support of their position, and the matters then

**174**

having been taken under submission; and a separate Memorandum Opinion having been entered this date with regard thereto; now, therefore,

IT IS ORDERED that these hearings are concluded; and the Order of this Court of December 9, 1986 to show cause be and hereby is set aside; and the Motion of Christine Lieder to Convert this Bankruptcy case to a case under Chapter 13 be and hereby is denied for the reasons set forth in the separate Memorandum Opinion.